Crabb, J.
delivered the opinion of the court. Is it the duty of the attorney general to attend to the prosecution of a popular, or qui tam action? and is a case, of that sort, entitled to that preference over other causes on the docket, as to the time of trying them, which is uniformly extended to criminal prosecutions?
As to the first question — although the acts of 1796, ch. 8; 1801, ch. 33, sec. 2, and 1807,ch. 13,sec. 2, would seem to open an extensive field for the labors of this officer—yet, it is believed, they were never held in practice, to require from him the management and control of qui tam actions.
The act of 1809, ch. 49, sec. 19, is less extensive in its requisitions, than acts before alluded to; and those of 1811, ch. 72, and 1817, ch. 65, do not enlarge them. Sec. 5, of this latter act, prescribes the duties of the attorney general in this court. He is to “attend to all criminal cases which may he carried into the supreme court, and perform all the duties thereunto required.” This is believed not to embrace a qui tam action.
A qui tam action, is a civil suit, brought in the name of the informer, on his own responsibility, without- any advice or aid from any officer of the government; and, although the state is generally entitled to a portion of the recovery, when effected, it is not properly a party to the proceedings, nor liable for costs in case of failure. (1 Bac. Abt. 65, 66, title Action qui tam, letters C. and D. page 70, letter F.; 2 Hawk. P. C. ch. 26, sec. 20.)
In England informations ex officio are filed and attended to by the king’s own officer, the attorney general; those filed ex relatione, are conducted by the master of the crown, office; but popular actions, or actions or informations qui *286 tam, are exhibited and pursued, in the language of 18 Eliz. ch. 5, either by himself or his attorney in court.
The court do not consider it the duty of the attorney genera|} as suci1? †0 superintend or conduct any qui tam action ; nor do they consider such a case entitled to any preference over other civil causes, as to the time of trial. Any such cases on this, docket, must, therefore, be heard and decided when regularly called.*

 This case was decided at the Nashville January term, 1827, but was not placed among the cases decided at that term. This omission, the reporters wish to correct, by introducing it here<-~Bcporters.